UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
UNITED STATES OF AMERICA,　　　　　　　　:

　　　　　　　　　Government,　　　　　　　　:　　　S1 04 Cr. 461 (RMB)

　　　　　-against-　　　　　　　　　　　　　:　　　**ORDER**

JOSUE BIER,　　　　　　　　　　　　　　　　:

　　　　　　　　　Defendant.　　　　　　　　:
------------------------------------------------------------X

## I.　Background

By motion, dated April 10, 2008, Josue Bier ("Defendant" or "Bier"), pro se, moves ("Defendant's Motion") under U.S.S.G. § 5K2.0 . . . [for] a [d]ownward [d]eparture for outstanding behavior while incarcerated." (Mot. at 2.) By memorandum, dated May 5, 2008 ("Oppositon"), the Government opposes the Defendant's Motion on the grounds that "18 U.S.C. § 3582(c) bars the relief sought." (Response at 5.) By reply, dated May 12, 2008, ("Reply"), Defendant states "he never requested a reduction of sentence under 18 U.S.C. § 3582" (Reply at 3.) and that the "(B.O.P) [Bureau of Prisons or "BOP"] computation sheet states my conviction [is] under 18 U.S.C. 2113(a) & (d). Which is a 'clear error' needed to be corrected." (Reply at 4.)

## II.　Legal Standard

U.S.S.G. § 5K2.0 describes grounds for departure from the United States Sentencing Guidelines when "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines" but does not cover post judgment conduct.

1

Under 18 U.S.C. § 3582(c)(1)(A) & (B), the court may not modify a term of imprisonment once it has been imposed unless "the court, upon motion of the Director of the Bureau of Prisons, . . . finds that extraordinary and compelling reasons warrant such a reduction" and "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.") . . ."[1]; and (2) "a defendant has been sentenced based on a sentencing range that was subsequently lowered by the sentencing commission." See also Quesada-Mosquera v. United States, 243 F.3d 685, 686 (2d Cir. 2001).

Under Fed. R. Crim. P. 36, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

Where, as here, the movant is proceeding pro se, the Court construes his claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d. Cir. 1999), and "leniency is generally accorded." Bey v. Human Res. Admin., No. 97 Civ. 6616, 1999 WL 31122, at *2 (E.D.N.Y. Jan 12, 1999).

### III. Analysis

The relief sought by Defendant (i.e., reduced sentence) under U.S.S.G. § 5K2.0 is not available as the United States Sentencing Guidelines apply at the time of imposition of a sentence upon a defendant. The Defendant was sentenced on December 5, 2005 and the time to move for a downward departure has long since expired.

---

[1] Federal Rules of Criminal Procedure 35 states: "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error" or "the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."

2

There is no provision under 18 U.S.C. § 3582(c) for reduction of the Defendant's sentence. See United States v. Maldonado, 138 F. Supp. 2d 328, 333 (E.D.N.Y. 2001) ("In sum, the court commends the petitioner's efforts to change his life, assist other inmates, and contribute to the community surrounding the prison . . . However, the petitioner has failed to state a cause of action under 18 U.S.C. § 3582(c)(1)(A)(i)."); United States v. DeMartino, 112 F.3d 75, 79 (2d. Cir. 1997) (Rule 35 "provides an authorization that is 'very narrow' . . . and was not meant to allow the court to 'reopen issues previously resolved at the sentencing hearing . . . .'").

Defendant also argues that an error regarding his conviction in his BOP computation sheet "may have affected [his] custody level as well as [his] classification level." (Reply at 4.) Defendant was convicted, following a plea of guilty on September 30, 2004, of two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Although the Indictment charged the Defendant with violating 18 U.S.C. § 2113(a) & (d), the Government permitted the Defendant to plead to an Information which did **not** allege a violation of 18 U.S.C. § 2113(d). (Response at 1.) The Judgment and Commitment Order, dated December 5, 2005, incorrectly reflects the offenses of conviction as violations of both 18 U.S.C. § 2113(a) & (d); this error is also reflected in the BOP sentence monitoring computation data attached to Defendant's Reply and should be corrected.[2] Pursuant to Fed. R. Crim. P. 36, the Court will file an Amended Judgment correcting this clerical error. Rule 36 "provides a limited avenue for correction of a judgment . . . it does not authorize the court to amend the oral sentence itself or to modify the written judgment to effectuate an intention that the court did not express in its oral sentence." Bonilla v. United

---

[2]The BOP Sentence Monitoring Computation Data sheet attached to Defendant's Reply states his offense as "2 counts of bank robbery, 18: 2113(A) & (D)."

3

States, 252 Fed. Appx. 382, 2007 WL 3196437 (2d Cir. 2007) (internal quotations and citations omitted). And, "only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew." United States v. Walls, 163 F. 3d 146, 147 (2d Cir. 1998) (internal citations and quotations omitted). Neither of those circumstances pertains here.

The Court also directs that the Bureau of Prisons change its records to correct the above referenced error and to determine whether this clerical mistake has had any impact upon the Defendant's custody level and his BOP classification level. See 18 U.S.C. § 3621 (b); U.S. v. Allen, No. 03-4643, 2005 WL 332413, at *2 (3d Cir. Feb.11, 2005). **The Bureau of Prisons is requested to advise the Court in writing by August 1, 2008 of its determinations.**

## IV. Order

For the reasons stated above, Defendant's motion is granted in part and denied in part.

Dated: New York, New York
July 7, 2008

*/RMB/*

**Richard M. Berman, U.S.D.J.**